**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **F & M Mafco, Inc.,** | ) | **CASE NO. 1:09 CV 355** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Travelers Indemnity Co.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court on Plaintiff F&M Mafco, Inc.'s Motion for Summary Judgment (Doc. 13). Also pending is Defendant's Cross-Motion for Summary Judgment (Doc. 14). This is an insurance coverage dispute. For the reasons that follow, plaintiff's motion is DENIED and defendant's motion is GRANTED.

**FACTS**

Plaintiff, F&M Mafco, Inc. ("Mafco") filed this lawsuit against defendant, Travelers Indemnity Company, seeking insurance coverage with respect to a lawsuit filed against Mafco. The facts of this case are undisputed.

1

Mafco is a general contractor. Mafco entered into an equipment lease with Forest City Erectors ("Forest City") pursuant to which Forest City agreed to lease a fixed leg derrick, more commonly known as a crane, from Mafco. Forest City is insured by defendant. As part of the equipment lease, Forest City agreed to indemnify plaintiff as follows,

Indemnification:

The Lessee further agrees to indemnify the Lessor against all loss, damages, expense, including reasonable attorney's fees, and penalty arising from any action on account of any injury to person or property of any character whatsoever occasioned by the operation, handling or transportation of the Equipment leased during the rental period and while in the possession or under the custody and control of lessee.

(Lease at ¶ 16).

In addition, the lease contains an insurance provision, which provides,

**INSURANCE**. Lessee agrees to maintain in full force and effect at all time during this lease a primary Comprehensive General Liability Policy naming Lessor as an additional insured with Bodily Injury and Property Damage limits of liability of no less than $2,000,000.... Lessee shall tender a Certificate of Insurance to Lessor within seven days of the date hereof certifying the foregoing limits of liability and providing an endorsement by the ensurer(s) [sic] that Lessor shall be provided thirty days written notice prior to the cancellation of any such policy.

(Lease at p. 2)

Forest City provided plaintiff with a Certificate of Liability Insurance, which provides, "F&M Mafco, Inc. is an Additional Insured with regard to the Leased/Rented equipment."

The insurance policy ("Policy") issued to Forest City by defendant provides in relevant part,

COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

2

> a. We will pay those sums that [Forest City] becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies...

In addition, the Policy provides the following with respect to "Additional Insureds,"

> N. BLANKET ADDITIONAL INSURED– LESSOR OF LEASED EQUIPMENT WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization (referred to below as "additional insured") with whom you have agreed in a written contract, executed before the "bodily injury" or "property damage" occurs..., to name as an additional insured, but only with respect to their liability for "bodily injury", "property damage"...caused in whole or in part, by your acts or omissions in the maintenance, operation or use of equipment leased to you by such additional insured, subject to the following provisions:
>
> ***
>
> 3. The insurance afforded under the additional insured is excess over any valid and collectible "other insurance" available to such additional insured, unless you have agreed in the written contract that this insurance must be primary to, or non-contributory with, such "other insurance."

On December 2, 2006, Brian Boland, a Forest City employee, sustained injuries after a cable struck him in the head during the erection of the crane. Boland and his wife brought suit in state court against Mafco only and did not sue Forest City. The Bolands alleged as follows,

> 5. Thereafter, [Forest City] subcontracted with Mafco, as subcontractor, for the rental and erection of a fixed leg derrick atop a large tower....
>
> 6. Upon information and belief, Mafco, by and through its on-site Director, was in control of the erection process of the derrick.
>
> 7. As such, Mafco created and/or controlled the erection of the derrick at the worksite....
>
> 10. At the time the cables were being run up the tower, and at the direction of Mafco's Director, Plaintiff was operating a three drum hoist at the base of the tower while engaged in the erection of the derrick.

12. The 7/8" cable fell to the ground where plaintiff was positioned, striking Plaintiff in the head and shoulder and causing him injury.

13. Because no overhead protection was provided for the location where plaintiff was operating the three drum hoist at the base of the tower, plaintiff was unnecessarily exposed to a substantial risk of injury.

14. Mafco created and controlled the hazards which caused plaintiff's injuries.

15. Plaintiff's injuries were proximately caused by the negligence of Mafco.

Mafco filed a third-party complaint against Forest City seeking indemnity for the losses alleged by the Bolands. Forest City moved for summary judgment and Mafco dismissed the third-party complaint without prejudice. Thereafter, Mafco settled with the Bolands. The settlement fell within the limits of liability contained in Mafco's insurance policy with its own insurer, Lexington Insurance Company.

Thereafter, Mafco filed this lawsuit against defendant asserting one claim for relief. Count one seeks a declaratory judgment that Mafco is entitled to primary defense and indemnity coverage from defendant with respect to the Boland suit.

The parties cross-move for summary judgment and each opposes the other's motion.

**STANDARD OF REVIEW**

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

4

> [A] party seeking summary judgment always bears the initial
> responsibility of informing the district court of the basis for its
> motion, and identifying those portions of "the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any," which it believes demonstrates
> the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323.  A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere
> allegations or denials of the adverse party's pleadings, but the
> adverse party's response, by affidavits or as otherwise provided in
> this rule, must set forth specific facts showing that there is a
> genuine issue for trial.  If the adverse party does not so respond,
> summary judgment, if appropriate, shall be entered against the
> adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).  However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

**ANALYSIS**

1. "Additional Insured" endorsement

The parties dispute whether plaintiff is an "Additional Insured" under the endorsement to the Policy.  As set forth above, the endorsement provides as follows,

    N.    BLANKET ADDITIONAL INSURED– LESSOR OF LEASED EQUIPMENT

> WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization (referred to below as "additional insured") with whom you have agreed in a written contract, executed before the "bodily injury" or "property damage" occurs..., to name as an additional insured, but only with respect to their liability for "bodily injury", "property damage"...caused in whole or in part, by your acts or omissions in the maintenance, operation or use of equipment leased to you by such additional insured, subject to the following provisions:
>
> ***
>
> 3. The insurance afforded under the additional insured is excess over any valid and collectible "other insurance" available to such additional insured, unless you have agreed in the written contract that this insurance must be primary to, or non-contributory with, such "other insurance."

In this case, the parties do not dispute that Forest City agreed in a written contract executed before the injury occurred to name plaintiff as an additional insured. Rather, the dispute focuses on whether Boland's injury was "caused in whole or in part, by Forest City's acts or omissions in the maintenance, operation or use of equipment."

Mafco argues that, under Ohio law, defendant must provide a defense where the claim asserted is even arguably within the scope of coverage. According to Mafco, although the Boland complaint alleges that Mafco was negligent in its own right, it is at least arguable that the injuries Boland alleges were caused in whole or in part by the acts of Forest City. Mafco claims that the crane was in Forest City's possession at the time Boland incurred injuries. As such, defendant had a duty to defend the action as well as indemnify Mafco for the settlement it paid to the Bolands. In response, defendant argues that the Boland complaint contains only direct allegations of negligence on the part of Mafco. There are no allegations suggesting that Forest City is liable for Boland's injuries. In addition, defendant points out that, not only does the complaint lack such allegations, Mafco fails to present any discovery or other evidence from the Boland lawsuit suggesting that Forest City bore any responsibility for the injuries. Moreover,

defendant points out that Mafco filed a third-party complaint against Forest City in the Boland litigation, yet later dismissed its claims.

Under Ohio law, the duty to defend may arise from the allegations contained in the complaint. *Motorists Mut. v. Trainor*, 294 N.E.2d 874 (Ohio 1973).

> However, where the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim. Thus, the 'scope of the allegations' may encompass matters well outside the four corners of the pleadings.

*City of Willoughby Hills v. Cincinnati Ins. Co.*, 459 N.E.2d 555, 558 (Ohio 1984). As a result, in the event the pleadings do not conclusively establish a duty to defend, the duty could arise at some later stage in the litigation. *Id*. at 557.

Upon review, the Court finds that defendant is entitled to summary judgment because the Boland complaint does not contain a claim that is arguably covered by the Policy. The complaint does not name Forest City as a defendant and asserts no wrongdoing against that entity. It further contains no allegations regarding any relationship between Mafco and Forest City, which would give rise to vicarious liability.[1] The sole claim is a negligent supervision

---

[1] Mafco presumes that defendant will argue that O.R.C. § 2305.31 renders the insuring agreement void. Mafco argues that the provision does not apply to insurance agreements. Rather, it prohibits indemnification provisions in certain construction contracts to the extent a party receives indemnification for liability caused by its own actions. Thus, in certain construction contracts parties are only allowed to provide indemnity for vicarious liability. In response, defendant claims that the Court need not reach this issue. Because this Court concludes that the Boland complaint does not arguably assert a claim for bodily injury resulting in whole or in part from Forest City's actions, the Court agrees with defendant that it need not address this issue.

7

claim asserted against Mafco and describes wrongdoing engaged in solely by Mafco.  The complaint makes no allegation that suggests that Mafco's liability arises in whole or in part as a result of Forest City's actions.  Moreover, having proceeded to discovery in the underlying action, Mafco is unable to provide any indication that Forest City caused Boland's injuries.  The only testimony cited by Mafco indicates that Forest City employees were erecting the crane at the time of the injuries.  That same testimony, however, provides that the employees were erecting the crane at the direction of Mafco's supervisor.  (G. Thomas Dep. at 17 ("[Mafco's representative on the scene] was there to give us guidance on the procedure getting a stiff leg up and whatever it required to put it together")).  There is no indication that Forest City's employees were a cause of Boland's injuries.  Moreover, Mafco settled the lawsuit, which contained a single claim asserted solely against Mafco.[2]  Mafco made no effort to obtain any finding that Forest City's actions caused Boland's injuries.  Although initially Mafco filed a third-party complaint against Forest City, Mafco dismissed its claims against Forest City before reaching a settlement.  Thus, at no point did defendant's duty to defend arise because the complaint and subsequent events fail to demonstrate that Boland incurred injuries arguably caused in whole or in part by Forest City.[3]  *See, e.g., Toledo Edison Co. v. ABC Supply Co.*, 46

---

[2] Mafco argues that O.R.C. § 2307.23 will allow the jury in this case to determine the fault of Forest City vis à vis Boland's injuries.  Mafco, however, already settled the underlying litigation, which contained a claim against Mafco only and did not contain any reference to any alleged negligence on the part of Forest City.  Moreover, it does not appear that an employee of Forest City could have "caused in whole or in part" Mafco's negligent *supervision*.

[3] Both parties cite a variety of case law supporting their respective positions.  No case, however, is factually apposite.

Fed. Appx. 757 (6th Cir. Aug. 28, 2002).

Having concluded that Mafco is not entitled to coverage as an "additional insured," the Court need not reach the issue of whether the insurance is primary to other available insurance.

2.  Coverage for indemnification

Mafco also argues that it is entitled to coverage under the Policy as a result of the indemnification provision in the equipment lease. According to Mafco, the indemnification agreement is an "insured contract" and, therefore, the general liability provision contained in the Policy allows Mafco to recover for the settlement it entered into with the Bolands. That provision provides as follows,

> COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1.  Insuring Agreement
>
>     a. We will pay those sums that [Forest City] becomes *legally obligated to pay* as damages because of "bodily injury" or "property damage" to which this insurance applies...

(Policy at 1)(emphasis added).

Defendant argues that this provision does not apply because no judgment has been obtained against Forest City, nor did Forest City enter into any settlement. Therefore, Forest City is not legally obligated to pay any damages and Mafco cannot recover the costs of its settlement under this provision.

Upon review, the Court agrees with defendant. The mere existence of the indemnification provision does not render Forest City "legally obligated to pay" damages. Mafco dismissed its claim for indemnification in the Boland action and has not sought to enforce the provision against Forest City. No final judgment exists and, as such, Forest City is not

9

"legally obligated to pay." *See, e.g.*, O.R.C. §§ 2721.02(B), 3929.06 (a plaintiff cannot recover directly against insurer for bodily injury sustained by the plaintiff until a final judgment is rendered against insured).[4] Accordingly, coverage does not exist and Mafco's arguments regarding the applicability of the exclusions are not relevant.

Even assuming a final judgment is not required, Mafco has not established that Forest City is "legally obligated to pay" damages.  As an initial matter, Forest City claims that the worker's compensation laws prohibit Mafco from recovering under the indemnification provision.  This is the same argument defendant made in the Boland suit.  Mafco makes no argument in response to this issue.  Thus, this Court is not convinced, especially in light of Mafco's dismissal of its claim against Forest City in the Boland suit, that Forest City is "legally obligated to pay" for the bodily injury pursuant to the indemnification provision.  For this additional reason, Mafco may not recover under the "bodily injury" provision contained in the Policy.

**CONCLUSION**

For the foregoing reasons, Plaintiff F&M Mafco, Inc.'s Motion for Summary Judgment is DENIED and Defendant's Cross-Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:  12/7/09

---

[4] Although these statutory provisions may not expressly cover actions brought by a contractual indemnitee, as opposed to the injured party, the rationale remains the same.